**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-23416-CIV-GAYLES**

**ERWIN GARCIA,**
                    **Plaintiff,**

       **v.**

**NACHON ENTERPRISES, INC.; CARLOS NACHON; and ACE HARDWARE CORP. (DELAWARE),**
                    **Defendants.**

_____/

**NACHON ENTERPRISES, INC.,**
                    **Counter-Plaintiff,**

       **v.**

**ERWIN GARCIA,**
                    **Counter-Defendant.**

_____/

**<u>ORDER</u>**

    **THIS CAUSE** comes before the Court on Plaintiff/Counter-Defendant Erwin Garcia's Motion to Dismiss Counterclaim [ECF No. 32]. The Court has considered the counterclaim, the parties' arguments, and the applicable law.

**I.      BACKGROUND**

    In his Amended Complaint, Garcia brings claims against Defendants Nachon Enterprises, Inc. ("NEI"), and Carlos Nachon[1] alleging unpaid wages and retaliation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* He also brings supplemental state law claims alleging breach of agreement, quantum meruit, and unjust enrichment. Garcia's claims relate to the

---

[1]   All claims against the remaining Defendant, Ace Hardware Corp. (Delaware), were dismissed upon joint motion of the parties. [ECF No. 38]

1

Defendants' alleged failure to pay minimum wage and overtime wages throughout his employment in 2014 and 2015. The Defendants' answer includes a counterclaim by NEI, in which it alleges that Garcia, during work time, used NEI's corporate and credit accounts to make purchases for his own benefit—including a water heater, lawn equipment, and other tools. It also alleges that Garcia, during work time, used NEI's Facebook page to solicit and sell Michael Kors handbags. NEI brings counterclaims against Garcia for breach of fiduciary duty and conversion. Garcia filed the instant motion, arguing that the Court should dismiss NEI's counterclaim because it lacks subject matter jurisdiction or, in the alternative, because NEI has failed to state claims upon which relief can be granted.

## II.   DISCUSSION

A compulsory counterclaim generally falls within the supplemental jurisdiction of federal courts, pursuant to 28 U.S.C. § 1367, while a permissive counterclaim requires an independent jurisdictional basis—either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. *Bautista v. Discount Warehouse, Inc.*, No. 15-24206, 2016 WL 1028358, at *1 (S.D. Fla. Mar. 15, 2016) (citing *Plant v. Blazer Fin. Servs.*, 598 F.2d 1357, 1359 (5th Cir. 1979)[2]). The Court has no independent basis for jurisdiction over NEI's counterclaims. No federal question jurisdiction exists, because NEI has brought only state law claims. And no diversity jurisdiction exists, because NEI is a Florida corporation and Garcia is a citizen of Florida. Thus, unless the Court finds the counterclaim to be mandatory, it must dismiss the counterclaim for lack of subject matter jurisdiction. *See E.-Bibb Tiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989).

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Under Federal Rule of Civil Procedure 13(a), a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claims . . . ." Fed. R. Civ. P. 13(a). The Eleventh Circuit employs the "logical relationship" test to determine whether a counterclaim meets Rule 13(a)'s requirement. *Bautista*, 2016 WL 1028358, at *1. Under this test, a counterclaim is compulsory when "(1) [] the same aggregate of operative facts serves as the basis for both claims; or (2) [] the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991) (quoting *S. Fla. Auto Painters, Inc.*, 397 So. 2d 1160, 1164 (Fla. 3d DCA 1981)) (internal quotation marks omitted).

In support of its argument that its counterclaim satisfies this test, NEI relies principally on another case from this District, *Rivero v. Lefeld & Son, LLC*, No. 13-81154, 2014 WL 2095219 (S.D. Fla. May 20, 2014). There, the plaintiff, who was a sandwich maker at the defendants' Subway store and was later promoted to manager, brought an FLSA claim against the defendants. The defendants brought counterclaims against the plaintiff for theft, fraud, conversion, and breach of contract. They alleged that the plaintiff would clock into work but then leave the store for extended periods of time to handle personal matters and then submit fraudulent hours, that he disconnected store surveillance cameras and engaged in sexual relations with other store employees and then submit those hours as work-related hours (including overtime), that he failed to deposit and retained for personal use over $7500 of the store's cash proceeds, and that he used the company's debit card and checkbook without permission for $6500. Judge Marra, in denying the plaintiff's motion to dismiss the counterclaim, found that "[t]he FLSA claim and the counterclaims stem from the employer/employee relationship and the duties and obligations of both Defendants and [the plaintiff]. Indeed, while [the plaintiff] claims he is entitled to overtime, Defendants claim

that he submitted false time record, was overpaid for hours he never worked, and took money he was not entitled to receive." *Id.* at *4.

The Court agrees with Judge Marra's reasoning in *Rivero* and finds that it applies here. NEI claims that Garcia was paid for hours he did not work—because he used work time to sell handbags on the company's Facebook page—and that he took money he was not entitled to receive when he used NEI's credit cards to purchase items for his personal use. The Court concludes that the counterclaims and Garcia's claims are logically related and stem from the parties' employer-employee relationship. NEI's counterclaims constitute compulsory counterclaims over which the Court has subject matter jurisdiction.

Garcia, like the plaintiff in *Rivero*, also argues that the Defendants' counterclaims seek set-offs, which are not categorically permitted in FLSA cases. Here, as well, the Court agrees with Judge Marra:

> To be sure, set-offs in FLSA cases raise a concern when the set-off causes the employees' wages to fall below the statutory minimum wage. *See Brennan v. Heard*, 491 F.2d 1, 3 (5th Cir. 1974) [(in FLSA cases, set-offs may not result in sub-minimum wage payments to an employee)], *overruled on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1998); *Singer v. City of Waco*, 324 F.3d 813, 828 n.9 (5th Cir. 2003) (set-offs are not prohibited when it will not cause a plaintiff's wages to dip below the statutory minimum). However, the counterclaim alleges in part that [the plaintiff] received payments for hours he did not actually work. Thus, to the extent his claim for alleged overtime is based on hours he did not work, there would be no danger of running afoul of the set-off rule in FLSA cases because his pay would not be reduced below the minimum wage. That stated, should [the plaintiff] prevail on his FLSA claim, Defendants will only be permitted recovery on the counterclaims to the extent they do not reduce [the plaintiff]'s claim below the minimum wage.

*Rivero*, 2014 WL 2095219, at *4 (citations altered). The Court adopts a similar holding here: to the extent Garcia's overtime claims are based on hours he did not work, the Defendants' counter-claims do not conflict with the set-off rule; and should Garcia prevail on his FLSA claim, NEI

shall be permitted to recover on its counterclaims only to the extent that recovery does not reduce Garcia's claim below the minimum wage.

Finally, Garcia's argument that the counterclaims fail to state claims upon which relief can be granted is without merit. To survive a motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014) ("A motion to dismiss a counterclaim pursuant to [Rule] 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." (citation and internal quotation marks omitted)). Accepting the factual allegations contained within the counterclaim as true, the Court finds that NEI has "ple[d] sufficient factual content that allows the court to draw the reasonable inference that [the plaintiff] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. And despite Garcia's contentions to the contrary, NEI's use of the words "fraud" or "fraudulent" or "defraud" to describe Garcia's actions, viewed in context, does not elevate the entire counterclaim to require the heightened pleading standards for fraud under Rule 9(b).

Accordingly, the Plaintiff's Motion to Dismiss Counterclaim [ECF No. 32] is **DENIED**. The Plaintiff shall **ANSWER** the Counterclaim by April 7, 2016.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of March, 2016.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE