UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-23416-DPG

ERVIN GARCIA,

    Plaintiff,

v.

NACHON ENTERPRISES, INC.,
a Florida Limited Liability Company,
and Carlos NACHON, individually

    Defendants.
_____/

### PLAINTIFF, ERVIN GARCIA'S MOTION TO BIFURCATE AND REQUEST FOR EVIDENTIARY HEARING AS TO DEFENDANTS' ATTORNEYS' FEES

Plaintiff, ERVIN GARCIA ("Plaintiff"), respectfully submits his motion to bifurcate and request for evidentiary hearing as to Defendants' attorneys' fees,[1] and states:

While Plaintiff and his counsel disagree with the proposed imposition of attorneys' fees for litigating in bad faith, if the District Court agrees with the Defendants to impose fees as a sanction, the Court should apportion those fees; 1) at the earliest, only after the Plaintiff's deposition; and 2) which bear a reasonable relationship to the effort expended; and 3) which the Plaintiff and his counsel may reasonably be expected to pay. The Plaintiff and his counsel respectfully request a separate evidentiary hearing as to the reasonableness of the sanction, if attorneys' fees are awarded. As the Court is aware, the Fair Labor Standards act is a remedial statute, which should be liberally construed. *Prickett v. DeKalb County,* 349 F.3d 1294, 1296 (11th Cir.2003) ("FLSA is a remedial statute that has been construed liberally to apply to the

---

[1] Undersigned counsel, in compliance with Local Rule 7(1)(A)(3) has conferred with opposing counsel regarding this motion. Ms. Langbein has indicated she does not oppose the instant motion.

furthest reaches consistent with congressional direction." (quotation marks omitted)). For the Court to award over $40,000.00 attorneys' fees seems for what amounts to a minimum wage claim (unpaid hours) seems excessive in light of the foregoing response to Defendants' motion.

The amount of reasonable fee for purposes of a sanctions award is determined in two steps. First, the court applies the same objective method used in other fee award cases, the lodestar approach of *Hensley,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40. *See Sussman v. Salem, Saxon, and Nielsen, P.A.,* 152 F.R.D. 648 (M.D.Fla.1994); *Executive 100, Inc. v. Martin County,* 739 F.Supp. 1521 (S.D.Fla.1990). However, in the context of a sanction, the sanction does not necessarily entitle a party to the award of its entire reasonable fee. Compensation of the aggrieved party is one of two purposes behind the rule; the other is, through punishment, to deter attorneys from violating the rule. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir.1987); *Aetna Ins. Co.,* 953 F.2d at 1334. Thus, a court may properly award less than a fee otherwise reasonable when it determines that the rule's goal of deterrence may be achieved by a lesser sanction. *Fox v. Acadia State Bank,* 937 F.2d 1566, 1571 (11th Cir.1991). Analysis of this deterrence issue is the second step in the analysis.

Moreover, a court must take into consideration the financial circumstances of the party being sanctioned. *See Baker v. Alderman,* 158 F.3d 516, 528–29 (11th Cir.1998) (imposing sanctions under Civil Rights Act and Rule 11); *see also Byrne,* 261 F.3d at 1098–99 n. 53 (concluding that the district court's consideration of parties' ability to pay sanctions imposed under Rule 11, 28 U.S.C. § 1927, and the court's inherent power was in accord with *Baker* ).

The Plaintiff has already filed a declaration stating he cannot pay the taxable costs awarded in this action. The inherent power to impose sanctions allows courts to vindicate their judicial authority, but such power must be used to fashion "an appropriate

sanction." *Chambers,* 501 U.S. at 44–45, 111 S.Ct. at 2132–33.   Plaintiff and his counsel object to any imposition of joint and several liability without considering whether Plaintiff and his counsel individually had the ability to pay the sanction. *See Sassower v. Field,* 973 F.2d 75, 81 (2d Cir.1992) (concluding that imposition of joint liability for full amount of sanctions, imposed in part under the court's inherent authority, was improper in absence of evidence that party's financial resources permitted an award of that size).   *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332 (11th Cir. 2002).  As such, if the Court finds that fees should be awarded as a sanction, the Court should have a separate evidentiary hearing as to the reasonableness of those fees.  Equity has a part in determining the amount of sanctions to be awarded; "[i]n allocating sanctions, the court must 'ascertain the extent to which responsibility for the violation rests with client or counsel and to apportion fees appropriately between the two of them.' " *PaineWebber, Inc. v. Can Am Financial Group, Ltd.,* 121 F.R.D. 324, 335 (N.D.Ill.1988), *aff'd,* 885 F.2d 873 (7th Cir.1989) (Table).

The allocation of fees between sanctionable and non-sanctionable claims should be made on the basis of which fees would not have been incurred if the offending claims had not been brought, and only after Defendants had produced their tax returns in a timely manner. *See Sussman v. Salem, Saxon, & Nielsen, P.A.,* 150 F.R.D. 209, 216 (M.D.Fla.1993), *reconsideration denied,* 153 F.R.D. 689 (M.D.Fla.1994). Simply put, "work which benefited [non-sanctioned claims], irrelevant of which [claim] it was performed for, *should not be considered in any award of attorneys' fees and costs." Gutierrez,* 729 F.Supp. at 1335 (emphasis added). This is because "sanctions that are compensatory in nature must be causally related to the *additional fees* and costs which were *incurred* ... as a result of the offending conduct." *Barnett Bank of Tampa v. Muscatell (In re Muscatell),* 116 B.R. 295, 300

(Bankr.M.D.Fla.1990) (citation omitted) (emphasis added). In other words, "an appropriate [Rule 11] sanction would be the payment ... of the attorneys' fees necessarily incurred ... in excess of the attorney fees that would have been necessarily incurred if the complaint had contained only the [non-sanctioned] claims." *Gallagher v. Kopera,* 789 F.Supp. 277, 278 (N.D.Ill.1992) (Lindberg, J.).

In this cause of action, Defendants' counsel merely submit affidavits regarding the entire amount of time expended in Defending this cause of action. These affidavits do not delineate the amount of time expended, and do not apportion the fees between the Plaintiff and his counsel for the allegedly wrongful conduct. Therefore, if the Court is so inclined to award Defendants' attorneys' fees as a sanction, Plaintiff and his counsel respectfully request that the matter be bifurcated, and they be allowed an opportunity to examine the reasonableness of the fee award, as discussed herein by way of an evidentiary hearing. See, *In re General Plastics Corp.* 184 B.R. 1008 (Bankr. S.D. Fla. 1995).

WHEREFORE, based on the foregoing, the Plaintiff moves to bifurcate and for an evidentiary hearing on the Defendants' fees alleged for the defense of this cause of action.

Dated December February 7, 2017   Respectfully submitted by,

/s/ Peter M. Hoogerwoerd
PETER MICHAEL HOOGERWOERD, ESQ.
Florida Bar No. 188239
REMER & GEORGES-PIERRE, PLLC
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
E-Mail: pmh@rgpattorneys.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 7, 2017 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Peter M. Hoogerwoerd
PETER MICHAEL HOOGERWOERD, ESQ.
Florida Bar No. 188239
REMER & GEORGES-PIERRE, PLLC
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
E-Mail: pmh@rgpattorneys.com

## **SERVICE LIST**

Peter Michael Hoogerwoerd, Esq. (188239)
Email: pmh@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Counsel for Plaintiff(s)
Served via transmission of Notices of
Electronic Filing generated by CM/ECF

Leslie Langbein, Esq.
LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
(Tel) (305) 556-3663
(Fax) (305) 556-3647
Email: langbeinpa@bellsouth.net
Served via transmission of Notices of
Electronic Filing generated by CM/ECF