UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-23416-GAYLES/Turnoff

ERVIN GARCIA,

      Plaintiff,

vs.

NACHON ENTERPRISES, INC.,

      Defendants.

_____/

## **REPORT AND RECOMMENDATION**

**THIS CAUSE** came before the Court upon Defendant's Verified Motion for Entry of

Judgment Taxing Costs (ECF No. 103), and Defendant's Bill of Costs (ECF No. 104). These matters

were referred to the undersigned by the Honorable Darrin P. Gayles, United States District Court

Judge for the Southern District of Florida. (ECF No. 107). The undersigned held a hearing on these

matters on February 13, 2017. (ECF No. 115). The Court has reviewed the written and oral

arguments, the record, the applicable law, and is otherwise duly advised in the premises.

### **Background**

This action was removed to federal court on September 10, 2015. (ECF No. 1). Plaintiff

Ervin Garcia sued Defendants Nachon Enterprises, Inc., Ace Hardware Corporation,[1] and Carlos

Nachon,[2] alleging unpaid wages and retaliation in violation of the Fair Labor Standards Act, 29

---

[1]Defendant Ace Hardware Corporation (Delaware) was dismissed without prejudice from the case
on January 27, 2016. (ECF No. 38).

[2]Defendant Carlos Nachon passed away on March 16, 2016. The action was dismissed against him
on November 23, 2016. (ECF No. 94).

U.S.C. § 201-219 ("FLSA"), as well as supplemental state law claims for breach of agreement, *quantum meruit*, and unjust enrichment. (ECF No. 9). Plaintiff claimed that he worked for Defendants, as a non-exempt employee, from July 1, 2014, to July 30, 2015, for which he was not paid minimum and overtime wages, in the amount of $60,750.00. (ECF No. 42).

Defendants filed an Amended Answer and Affirmative Defenses denying the allegations in the First Amended Complaint, asserting various affirmative defenses, and asserting counterclaims for breach of fiduciary duty and conversion against Plaintiff. (ECF No. 31). Defendant Nachon Enterprises, Inc., moved for summary judgment (ECF No. 70), which Judge Gayles granted on November 23, 2016. (ECF No. 94). Defendant then sought to remand its counterclaim to state court (ECF No. 96), which relief was also granted. (ECF No. 97).

As the prevailing party, Defendant Nachon Enterprises now seeks the entry of a judgment taxing costs against Plaintiff and the law firm of Remer & Georges-Pierre, PLLC, and Peter Hoogerwoerd, Esq., jointly and severally, in the amount of $2,586.13. (ECF No. 103). Plaintiff filed a response indicating that, although he did not object to the amount of costs, he lacked the ability to pay. (ECF No. 105). In support, Plaintiff submitted only his affidavit setting forth that he earned about $3,800 per month with monthly expenses of about $3,767. (ECF No. 105-1). In reply, Defendant argued that Plaintiff's affidavit was self-serving and insufficient to establish inability to pay. (ECF No. 106). Moreover, Defendant argued that Plaintiff's bank statements showed that he spent money on various luxuries and non-essentials on a daily basis.

Pursuant to Fed. R. Civ. P. 54(d)(1), a prevailing party may recover costs unless otherwise directed by a court or statute. Fed. R. Civ. P. 54(d)(1). In this case, as the prevailing party, Defendant is presumptively entitled to recover its costs. A plaintiff's claim of an inability to pay does not

Page 2 of 5

automatically preclude him from paying costs under Fed. R. Civ. P. 54(d). Indeed, the non-prevailing party's "good faith and limited financial resources are not enough" to overcome the presumption that the prevailing party's costs should be paid by the non-prevailing party. Pickett v. Iowa Beef Processors, 149 Fed. App'x 831, 832 (11th Cir. 2005).

The Eleventh Circuit has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000). "A district court may only reduce a cost award based on the non-prevailing party's financial status if that party provides "substantial documentation of a true inability to pay." Jessup v. Miami-Dade Co., No. 08-21571-CIV, 2011 WL 294417, at *1 (S.D. Fla. Jan. 27, 2011) (quoting Pickett, 149 Fed. App'x at 1039). Such substantial documentation must constitute "clear proof of the non-prevailing party's dire financial circumstances." Chapman, 229 F.3d at 1039; Pronman v. Styles, Case No. 12-80674-CIV-Marra, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015). Furthermore, a district court cannot "consider the relative wealth of the parties" when deciding whether to reduce a cost award or leave it as is. Chapman, 229 F.3d at 1039. Even if the district court were to consider a party's financial status, it "may not decline to award any costs at all." Jenner v. Bank of America Corp., 304 Fed. App'x 857, 860 (11th Cir. 2009) (citation omitted).

Here, Plaintiff brought the action, affirmatively invoked the jurisdiction of this Court, and litigated the case. Upon review, Plaintiff has failed to show that this case warrants special consideration. As such, the undersigned declines to consider Plaintiff's financial status. See Chapman, 229 F.3d at 1039 ("a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)"); Eggleston v. Bradshaw,

02-80555, 2007 WL 1760912, at *3 (S.D. Fla. June 18, 2007) ("The Court also chooses not to exercise its discretion to exempt Plaintiff from the operation of law because section 1920 already reflects Congress's public policy judgment as to what, if any, costs an unsuccessful litigant should have to bear.").

Even if the Court were to consider Plaintiff's inability to pay, there is nothing before the Court documenting Plaintiff's financial status, other than his self-serving affidavit. The affidavit failed to substantially demonstrate a true inability to pay and, thus, was insufficient to overcome the presumption that costs should be awarded to the prevailing party. See Small v. Ford Motor Co., 12-80841-CIV, 2015 WL 203178, at *1 (S.D. Fla. Jan. 14, 2015); See J.G. v. Carnival Corp., 12-21089-CIV, 2013 WL 5446412, at *5 (S.D. Fla. Sept. 28, 2013) (declining to consider financial status in assessing an award of costs).

The court has discretion to award the costs that are specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax as costs the following:

(1)    Fees of the clerk and marshal;

(2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant's taxable costs consisted of the following: $400 in filing fees incurred in connection with removal; $82.23 in fees for service of summons and subpoenas; $1,659.50 in fees for obtaining transcripts; $14.40 in copies; and $430.00 in court reporter attendance fees. (ECF No. 104). The court finds that these are recoverable by Defendant under § 1920. Moreover, even if Plaintiff had a limited ability to pay, the Court does not believe that Defendant's demand is an unreasonable sum for Plaintiff to pay. As such, the undersigned **RECOMMENDS** that Defendant be awarded the full amount of costs sought herein of $2,586.13.

### Recommendation

Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that Defendant's Verified Motion for Entry of Judgment Taxing Costs (ECF No. 103) be **GRANTED**, Defendant's Bill of Costs (ECF No. 104) be **GRANTED**, and Defendant be awarded **$2,586.13** in costs.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections to this Recommendation with Judge Gayles within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, this ___ day of February 2017.

_____
**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Darrin P. Gayles
    All Counsel of Record