UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-23416-GAYLES/Turnoff

ERVIN GARCIA,

     Plaintiff,

vs.

NACHON ENTERPRISES, INC.,

     Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant's Motion for an Award of Sanctions. (ECF No. 108). This matter was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Court Judge for the Southern District of Florida. (ECF No. 119). The undersigned held a hearing on this motion on March 22, 2017. (ECF No. 123). The Court has reviewed the written and oral arguments, the record, the applicable law, and being otherwise duly advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Motion is **DENIED** for the reasons set forth herein.[1]

### Background

This action originated in state court and was removed to federal court on September 10, 2015.

_____

[1]A United States Magistrate Judge has the authority to enter an order denying sanctions (as opposed to a report and recommendation). Lazy Lee, LLC v. Lazy Lee Prods. LLC, No. 15-20118-CIV, 2015 WL 3994852, at *1 n.1 (S.D. Fla. July 1, 2015); Rakip v. Paradise Awnings Corp., No. 10-20004-CIV, 2014 WL 633581, at *1 n.2 (S.D. Fla. Feb. 18, 2014); Avril v. Five Star Restaurant Holdings, LLC, et al., No. 11-cv-61783 (S.D. Fla. May 7, 2013), ECF No. 136 at 1 n.1; QBE Ins. Corp. v. Jorda Enters., Inc., 277 F.R.D. 676, 683 n.2 (S.D. Fla. 2012).

(ECF No. 1). Plaintiff Ervin Garcia sued Defendants Nachon Enterprises, Inc., Ace Hardware Corporation,[2] and Carlos Nachon,[3] alleging unpaid wages and retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA"), as well as supplemental state law claims for breach of agreement, *quantum meruit*, and unjust enrichment. (ECF No. 9). Plaintiff claimed, *inter alia*, that he worked for Defendants, as a non-exempt employee, from July 1, 2014, to July 30, 2015, during which time he was not paid minimum and overtime wages (ECF No. 42), and that he was terminated after complaining about same.

Defendants filed an Amended Answer and Affirmative Defenses denying the allegations in the First Amended Complaint, asserting various affirmative defenses, and asserting counterclaims for breach of fiduciary duty and conversion against Plaintiff. (ECF No. 31). Judge Gayles granted summary judgment in favor of Defendant Nachon Enterprises, Inc. (ECF No. 94), and remanded Defendant's counterclaim to state court. (ECF No. 97).

In the instant motion, Defendant seeks the imposition of sanctions against Plaintiff's counsel and the law firm of Remer & Georges-Pierre, PLLC, jointly and severally, in the form of attorney's fees, totaling $41,155.28, pursuant to 28 U.S.C. § 1927 and the court's inherent authority. Defendant accused Plaintiff's counsel of engaging in conduct that was objectively unreasonable and vexatiously multiplied the proceedings.

**I.    28 U.S.C. § 1927.**

Section 1927 states,

[2]Defendant Ace Hardware Corporation (Delaware) was dismissed without prejudice from the case on January 27, 2016. (ECF No. 38).

[3]Defendant Carlos Nachon passed away on March 16, 2016. The action was dismissed against him on November 23, 2016. (ECF No. 94).

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Courts may impose sanctions under § 1927 upon finding that (1) an attorney has engaged in "unreasonable and vexatious" conduct; (2) such conduct multiplied the proceedings; and (3) the dollar amount of the sanction bears a financial nexus to the excess proceedings such that the sanction does not exceed the costs, expenses, and attorney's fees reasonably incurred because of the sanctionable conduct. Hudson v. Int'l Computer Negotiations, Inc., 499 F.3d 1252, 1262 (11th Cir. 2007) (quoting Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997)). However, the statute does not operate as a catch-all provision for sanctioning any objectionable conduct by counsel. Id. There must be a connection between counsel's objectionable conduct and the multiplication of proceedings that would not have occurred otherwise. Id.

First, an attorney "unreasonably and vexatiously" multiplies proceedings within the meaning of § 1927 "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" Amlong & Amlong P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991)). Such bad faith requires more than negligent conduct or lack of merit. Id. at 1241-42; Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003) ("For sanctions under section 1927 to be appropriate, something more than a lack of merit is required) (citation omitted). Otherwise, § 1927 sanctions could be due in every case. McMahan v. Toto, 256 F.3d 1120, 1129 (11th Cir. 2001), amended on reh'g, 311 F.3d 1077 (11th Cir. 2002).

Bad faith is measured by the attorney's objective conduct. Amlong & Amlong, 500 F.3d at

1239-40. Although the court may impose sanctions even if the attorney acted without the specific purpose or intent to multiply the proceedings, it is important to consider the attorney's subjective state of mind. Id. at 1191-92. Bad faith may be found where an attorney "knowingly or recklessly" pursues frivolous claims or needlessly obstructs the litigation of non-frivolous claims. Id. at 1242; Schwartz, 341 F.3d at 1225.

Second, multiplication of proceedings includes, but is not limited to, abuse of discovery tactics, reassertion of meritless claims, and any other conduct that results in lengthening the proceedings. American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc., No. 5:04-cv-12-Oc-10GRJ, 2008 WL 906739, at * 13 (M.D. Fla. Apr. 2, 2008).

Here, Defendant pointed to several ways in which Plaintiff's counsel's handling of the case warranted sanctions. By way of summary, Defendant argued that Plaintiff failed to adequately make pre-suit inquiry and consider existing law; filed duplicative claims and multiple amendments; obstructed discovery and inflated overtime claims; failed to dismiss the complaint after Plaintiff's deposition testimony regarding his work duties; opposed summary judgment and motion for costs; and engaged in trial preparation. Plaintiff's counsel argued that they had a good-faith basis for the legal and factual positions they took throughout the litigation. In this connection, Plaintiff noted that the case was filed originally in state court where alternative pleading was allowed.

First, Plaintiff argued correctly that certain conduct set forth by Defendant did not support sanctions in the § 1927 context, mainly because § 1927 applies to conduct occurring after a case was filed. The undersigned agrees. Conduct referring to pre-suit investigation and intake of client, as well as filing of multiple state court counts in the complaint, is not sanctionable under § 1927 by its very terms. Such conduct would be sanctionable under Rule 11, which was not at issue here. Moreover,

Plaintiff argued that its opposition to the assessment of costs because of indigency was not covered under § 1927 either, because there could be no multiplication of proceedings after the conclusion of the case.

Defendant argued that Plaintiff continued to litigate the case after Plaintiff testified at deposition that he performed some managerial duties. As Plaintiff noted, he also testified that much of his work time was spent performing non-managerial duties, regardless of whether his position was titled "manager." Indeed, whether Plaintiff was exempt under an executive exception entails weighing relevant factors in the primary duty inquiry. Such exemptions are narrowly construed. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150 (11th Cir. 2008). Under these circumstances, Plaintiff's actions cannot be deemed bad faith.

Defendant next argued that Plaintiff's attempt to amend the complaint to add a RICO claim was in bad faith. Plaintiff argued that he had a good faith basis for the RICO and whistleblower claims based upon deposition testimony. Defendant argued further that Plaintiff's conduct in discovery and inflated claims regarding hours worked warranted sanctions. Plaintiff argued that Defendants never adequately responded to discovery, and that there was a lack of documentation regarding Plaintiff's job title and duties. Again, upon review of the record, Plaintiff's actions in connection with amending the complaint, estimating the overtime claim, and engaging in discovery were not sanctionable.

Finally, Defendant argued that it was forced to engage in trial preparation by preparing a joint pretrial stipulation, witness list, and exhibit list. Plaintiff argued that the parties had to comply with the court's pre-trial scheduling order, because the court had not yet ruled on Defendant's motion for summary judgment. As such, preparation of documents for trial was neither vexatious nor

duplicative. The undersigned agrees.

The record reviewed by the Court shows no indication that the filing of the amended complaints, the discovery, or the motion practice in this case were vexatious or multiplied the proceedings. Upon hearing argument, the undersigned is satisfied that Plaintiff had reasonable legal grounds for taking the actions it did, and there is no evidence that same were done for any improper purpose. When measured by an objective standard, the conduct cited herein by Defendant fails to support a finding that the attorneys here acted in a manner so egregious that it was tantamount to bad faith. On this record, the undersigned cannot say that Plaintiff's counsel's behavior rose to the level warranting sanctions under § 1927. See Amlong & Amlong, 500 F.3d at 1242 (concluding that "an attorney's conduct must be particularly egregious to warrant the imposition of sanctions–the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim"); Schwartz, 341 F.3d at 1225 ("Section 1927 is not about mere negligence.").

## II. Court's inherent power.

Alternatively, Defendants argued that the Court should exercise its inherent power and sanction Plaintiff, his attorneys, and their firm for bad faith conduct. "[D]eeply rooted in the common law tradition is the power of any court to 'manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.'" Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536, 1546 (11th Cir. 1993) (citing Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1447 (11th Cir. 1985).) The award of attorney's fees is based on these inherent powers, which "are so potent, they must be exercised with restraint and discretion." Malautea, 987 F.2d at 1546. Sanctions are meant to have both penal and deterrent effects. See Id. (recognizing that the imposition of sanctions serves to deter and punish the actions of errant

lawyers).

Courts have the inherent power to assess attorney's fees and costs as a fine when a losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991) (citations omitted); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985). Grounds for a bad faith award exist when the plaintiff brings a groundless suit and forces the defendant to expend time and effort conducting its defense. Gordon v. Heimann, 715 F.2d 531, 539 (11th Cir. 1983).

As with § 1927, the "key to unlocking a court's inherent power [to impose sanctions] is a finding of bad faith." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995)). When considering sanctions under "the court's inherent power, the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under 28 U.S.C. § 1927." Peer v. Lewis, 606 F.3d 1306, 1316 (11th Cir. 2010) (internal citations and quotations omitted) (emphasis added). Unlike § 1927 sanctions, however, sanctions under the court's inherent power may be imposed against a party and/or its counsel. In re Mroz, 65 F.3d at 1576.

Having found no grounds to award Defendant attorney's fees under § 1927, the undersigned finds that there is no basis to entertain a fee award under the Court's inherent power either. There were tenuous claims that, at best, were pursued negligently beyond the time period when they should have been withdrawn. However, pursuit of a meritless allegation hardly constitutes a sufficient record for the imposition of § 1927 sanctions or the exercise of a Court's inherent power. Hyde v. Irish, No. 12-20717-Civ-Cooke/Torres, 2015 WL 11201168, at * 3 (S.D. Fla. Jun. 24, 2015).

## Conclusion

The undersigned finds that, although Defendant's motion is colorable, Defendant has not met the high burden required to demonstrate bad faith. See Mobile Cty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc., No. CIV 07-0357-WS-M, 2008 WL 4012956, at \*2 (S.D. Ala. Aug. 26, 2008) ("The Eleventh Circuit has emphasized that the 'bad faith' threshold for imposition of sanctions sets a 'high standard' of sanctionable misconduct, as well it should."). Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for an Award of Sanctions (ECF No. 108) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ day of April 2017.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Darrin P. Gayles
All Counsel of Record