# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-23416-GAYLES

**ERVIN GARCIA,**
             **Plaintiff,**

v.

**NACHON ENTERPRISES, INC.;
CARLOS NACHON; and
ACE HARDWARE CORP. (DELAWARE),**
             **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on an Order by Magistrate Judge William C. Turnoff [ECF No. 124], entered on April 24, 2017 (the "Order"), and Defendant Nachon Enterprises, Inc.'s Motion for Clarification [ECF No. 127]. The Court is fully advised in the premises.

On January 23, 2017, the Defendant filed a Verified Motion for an Award of Sanctions against Plaintiff's counsel and his counsel's law firm [ECF No. 108]. The motion was fully briefed, and on February 15th, this Court, by Endorsed Order, referred the motion (and two other motions) to Judge Turnoff for a Report and Recommendation. [ECF No. 119]. Following a hearing, Judge Turnoff issued the Order, in which he denied the Defendant's motion for sanctions. The Defendant filed its motion for clarification on May 11th, seeking "clarification of the authority of the Magistrate to issue a 'final order' . . . ." [ECF No. 127 at 1].

While this Court agrees with Judge Turnoff that a U.S. Magistrate Judge has the authority to enter an order denying sanctions, as opposed to a report and recommendation, *e.g.*, *Lazy Lee, LLC v. Lazy Lee Prods. LLC*, No. 15-20118, 2015 WL 3994852, at *1 n.1 (S.D. Fla. July 1, 2015), this Court's order referred the Defendant's motion for sanctions for a report and recommendation,

as opposed to a full referral. *Compare* [ECF No. 119] ("ENDORSED ORDER REFERRING the following Motions for a Report and Recommendation . . . ."), *with Lazy Lee, LLC*, No. 15-20118, at ECF No. 23 ("ORDER REFERRING [] MOTION for Sanctions Against Plaintiff and Plaintiff's Counsel . . . Motions referred to Judge Jonathan Goodman."). As such, the Court will construe Judge Turnoff's Order as a Report and Recommendation. So construed, the Order recommends that the Defendant's motion be denied because the Defendant has failed to meet the high burden required to demonstrate bad faith—a prerequisite to an award of sanctions. The Defendant timely filed objections to the Order on May 8, 2017 [ECF No. 126], and Plaintiff's Counsel responded to those objections [ECF No. 128].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If no objections are filed, the district court need only review the report and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); *see also* Fed. R. Civ. P. 72 advisory committee's note.

The Court has undertaken the required *de novo* review of the motion, the Order, and the objections and ultimately finds the Defendant's objections to be without merit. The Court agrees with the analysis and conclusions stated in the Order and finds there is no basis to award sanctions against Plaintiff's counsel. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)  the Defendant's Motion for Clarification [ECF No. 127] is **GRANTED**;

(2)  the Order entered April 24, 2017, construed as a Report and Recommendation [ECF No. 124], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference; and

(3) the Defendant's Verified Motion for Award of Sanctions [ECF No. 108] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of June, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE